Gregory L. Spallas, Esq. (SBN 129306)
Adolpho O. Karajah, Esq. (SBN 310785)
**PHILLIPS, SPALLAS & ANGSTADT LLP**
560 Mission Street, Suite 1010
San Francisco, California 94105
Tel: (415) 278-9400
Fax: (415) 278-9411
gspallas@psalaw.net
akarajah@psalaw.net

Attorneys for Defendant
WALMART, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE SHOOP, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WALMART, INC., a Delaware Corporation; WALMART SUPERCENTER, an unknown entity; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Federal Case No: 2:20-cv-01070-KJM-DMC<br><br>**STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Protective Order pursuant to Local Rule 141.1(b)(1) and in compliance with Local Rule 141.1(c)

**I.    PURPOSE**

1. This Confidentiality Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Subject to Stipulated Protective Order, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material.

**II.   TYPE OF INFORMATION ELIGIBLE FOR PROTECTION UNDER ORDER**

2. Confidential Information or Confidential Material, as used in this Order, consists of the following materials and categories of materials:

**1**
**STIPULATED PROTECTIVE ORDER**

**Confidential, Privacy and Proprietary Information**

a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G); proprietary information; vendor agreements; personnel files; claim/litigation information; or certain policies and procedures.

**Corporate Trade Secrets**

b. Materials containing corporate trade secrets, nonpublic research and development data, pricing formulas, inventory management programs, confidential business information not generally known to the general public, and customer-related Protected Data are considered Highly Confidential Material and shall be deemed "ATTORNEYS' EYES ONLY".

**Protected Data**

c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

**III.   PARTICULAR NEED TO PROTECT CONFIDENTIAL INFORMATION**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

This action is likely to involve trade secrets, and other valuable commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted as well as confidential medical and/or psychological treatment records.

  Such confidential and proprietary materials and information consists of, among other things, confidential business or financial information, information regarding confidential business practices, policies and/or procedures, human resource communications relating to proprietary practices or other confidential or commercial information (including information implicating privacy rights of third parties), any records from Plaintiff's healthcare provides, with such information otherwise generally unavailable to the public, or which may be privileged or otherwise <u>protected from disclosure under state or federal statutes, court rules, case decisions, or common law</u>

## IV.  ORDER IS NECESSARY TO PROTECT CONFIDENTIAL INFORMATION

  A protective order to protect confidential information referenced herein for the instant action will serve to achieve the following: expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, address their handling at the end of the litigation, serves the ends of justice in accordance with the local federal rules of the eastern district.

  A protective order for such information is justified in this matter. It's effect shall bind both parties to their agreement that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner. The order will further compel both parties to show why there is good cause that the confidential information in this case should not be part of the public record.

  Finally, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. A mere agreement between both parties will not effectuate this.

## V.  RULES AND RESTRICTIONS OF PROTECTIVE ORDER

### Burden to Move for Court Order

3. If any party seeks to designate additional documents or categories of documents produced by any other party as Confidential Material, it will be the burden of the party seeking protected

1   status to move for a Court Order designating the materials as confidential after the parties confer.

2   **Effect of Order**

3   4. The parties agree that such Confidential Material as described in Section II should be
4   given the protection of an order of this Court to prevent injury through disclosure to persons other
5   than those persons involved in the prosecution or defense of this litigation.

6   **Designation of Confidential Information**

7   5. To designate information as confidential, the producing party shall mark Confidential
8   Material with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or
9   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE
10  ORDER" and shall submit confidential discovery, such as answers to interrogatories or answers to
11  requests for admissions, in a separate document stamped with the appropriate legend. The Receiving
12  Party may make copies of Confidential Material and such copies shall become subject to the same
13  protections as the Confidential Material from which those copies were made.

14  1. Information on a disk or other electronic format may be designated confidential by marking the storage medium itself with the legend "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER."  The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

20  2. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony.  During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER"" legend to the designated pages and segregate them as appropriate.

5
**STIPULATED PROTECTIVE ORDER**

3. Copies of material described in paragraph 2 above, or incorporated into paragraph 2 by Court Order, and which were produced without the designation of "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" may be so designated later if the Producing Party failed to make such designation at the time of production through inadvertence or error. If such information has been disclosed to persons not qualified pursuant to paragraph 7 below, the party who disclosed such information shall take reasonable efforts to retrieve previously disclosed Confidential Material and advise such persons that the material is Confidential.

**Restrictions on Waiver and Inadvertent Disclosure**

6. Pursuant to Federal Rule of Evidence 502(d) disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This provision is designed to foreclose any arguments that by making such production, the production of Confidential Materials subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

1. was not inadvertent by the Producing Party;
2. that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;
3. that the Producing Party did not take reasonable or timely steps to rectify such

        Disclosure; and/or
4. that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

      This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502 and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

### Disclosure of Confidential Information to Court

      7. Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, and counsel of record, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action. Qualified recipients of materials marked "ATTORNEYS' EYES ONLY" shall include only the following:  In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each. Confidential Material shall not be disclosed to any outside experts or consultants who are current or former employees or current or former consultants of a direct competitor of any party named in the litigation. Counsel shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order, and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel also shall require all persons, except the Court, its staff, the parties, counsel of record and counsel's staff personnel, to execute the Affidavit attached as *Exhibit A*, prior to the disclosure of Confidential Material. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Confidentiality Order, to promptly notify counsel for the Producing Party of such breach or threatened breach. Counsel shall not otherwise offer or permit disclosure of any Confidential Material, its contents, or any portion or summary thereof. Disputes

6
**STIPULATED PROTECTIVE ORDER**

concerning the confidential nature of such materials shall be resolved by the Court upon motion prior to dissemination of any Confidential Material.

**Sanctions for Violation of Order**

8. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information for that purpose only and only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court.

**Effect on Admissibility of Evidence at Trial**

9. The provisions of this Confidentiality Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that either party may seek an appropriate Court Order to protect Confidential Material.

**Modification to Order**

10. Nothing in this Confidentiality Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to confidentiality of material or the removal of a confidential designation. Should counsel or an interested member of the public disagree with any designation of material as confidential, he or she first shall attempt to resolve such dispute with the parties' counsel and, if unsuccessful, apply to the Court for a determination as to whether the material or information should remain designated as Confidential Material. Pending resolution of any challenges, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.

**Confidential Material Becoming Public by Other Means**

11. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that was, is or becomes public knowledge in a manner other than by violation of this Order.

**Filing Under Seal of Confidential Material**

12. Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. A Party that seeks to file under seal any Confidential Material must comply with Local Rule of Court 141.1€ and all federal case law regarding filing materials under seal. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings.

**Procedure for Identifying Confidential Material**

13. In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

**Binding Effect and Destruction of Confidential Material**

14. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each Party to whom "Confidential" or "Highly Confidential – Attorneys' Eyes Only" materials were produced <u>shall</u>, without further request or direction from the Producing Party, promptly destroy all documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, counsel is entitled to retain any attorney work product.

### Effect of Order on Subpoena and Other Civil Investigative Demand

15. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Unless the party or non-party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand response date, provided sufficient notice of the Demand is provided. Compliance by the Receiving Party with any order directing production pursuant to the Demand of any Confidential Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

### Joinder of Parties

16. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

### No Adverse Effect on Representation

17. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document herein, or oppose the production or

admissibility of any information or documents which have been requested.

**Full Force and Effect**

18. This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court.

IT IS SO ORDERED.

Dated: March 26, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

Respectfully stipulated to and submitted by,

DATED: March 25, 2021                **BLANCO & ARIAS, APC**

By: _____
Janeth Arias, Esq.
Angela Leong, Esq.
Attorneys for Plaintiff
DENISE SHOOP

DATED: March 17, 2021                **PHILLIPS SPALLAS & ANGSTSADT LLP**

By: _____
Gregory L. Spallas, Esq.
Adolpho O. Karajah, Esq.
Attorneys for Defendant
WALMART, INC.

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order agreed upon by the parties in the action styled *Denise Shoop v. Walmart Inc.*, *United States District Court for the Eastern District of California, Case No.: 2:20-cv-01070-KJM-DMC*.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order unless and until modified by any court Order.  I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the courts in and for the state of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date:  _____

City and State where sworn and signed: _____


Print Name: _____


Signature: _____